IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                    No. CR 17-2691 RB

SERGIO MARIO CHAVEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Chavez's Motion to Reduce Sentence (Doc. 37) and his counseled Supplement to Defendant's *Pro Se* Motion for Compassionate Release (Doc. 43). Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motions are not well-taken and should be **DENIED**.

**I.     Background**

On January 3, 2018, Mr. Chavez pled guilty to an Indictment charging possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). (Docs. 2; 26.) On July 12, 2018, the Court sentenced Mr. Chavez to 87 months imprisonment, which includes a minimum term of 60 months. (Docs. 27 ¶ 50; 35–36.)

Mr. Chavez has served approximately 46 months of his sentence, and his anticipated release date is March 13, 2024. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 17, 2021). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See* Doc. 43.)

**II.    Discussion**

Mr. Chavez seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which

permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Chavez filed such a request with the warden of FCI Beaumont Low on December 11, 2020, and there is no evidence that he has received a response. (*See* Docs. 43 at 4; 37 at 2, 11.) The Government concedes that he has exhausted his administrative remedies. (*See* Doc. 46 at 4.)

Mr. Chavez asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 43.) He argues that his medical conditions—"mild obesity and possible Stage One hypertension"—put him at risk for severe illness from COVID-19. (*Id.* at 4 (citing Docs. 37 at 3; 44-D; 44-E).) Mr. Chavez admits that his body mass index (BMI) has fluctuated, sometimes resulting in a BMI of "overweight," and other times resulting in a BMI of "obese."[1] The Government concedes that Mr. Chavez is at least overweight. (*See* Doc. 46 at 5.) It argues that Mr. Chavez's medical providers have noted that his diagnosis of hypertension "resolved" on June 27, 2019. (*Id.* (citing Docs. 44-E at 3; 44-F at 31).) Mr. Chavez disputes that

---

[1] Mr. Chavez admits that his body mass index (BMI) has fluctuated, sometimes resulting in a BMI of "overweight," and other times resulting in a BMI of "obese." "A BMI of 30 kg/m² or high is is considered obese." Body Mass Index (BMI) In Adults, https://www.heart.org/en/healthy-living/healthy-eating/losing-weight/bmi-in-adults (last reviewed Aug. 1, 2014).

his hypertension has resolved as it is a lifelong illness and he has been unable to obtain "a medical appointment to review his history of primary hypertension." (Doc. 47 at 1–2.) The Court agrees that there are scant medical records submitted for 2020 and 2021. (*See* Docs. 44-F; 45-H.) Moreover, on June 27, 2019, the date the provider found Mr. Chavez's hypertension had "resolved," his blood pressure was 132/88 (*see* Doc. 44-E at 2), which is recognized as Hypertension Stage 1. *See Understanding Blood Pressure Readings*, American Heart Ass'n, https://heart.org/en/health-topics/high-blood-pressure/understanding-blood-pressure-readings (last visited Aug. 17, 2021). Under these circumstances, the Court finds that Mr. Chavez has provided sufficient evidence of a history of mild obesity and possible hypertension, both of which are conditions that put him at risk of severe illness if he contracts COVID-19. *See Underlying Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021).

The Government acknowledges that an incarcerated individual who has a medical condition that puts him at a higher risk of severe illness from COVID-19 *and* who has not been offered the COVID-19 vaccination presents an extraordinary and compelling reason that may qualify him for a sentence reduction. (Doc. 46 at 11–12.) It argues, though, that Mr. Chavez does not qualify, because he was offered and *declined* a COVID-19 vaccination. (*See id.* at 12–13; *see also* Doc. 45-H at 5.) Because Mr. Chavez argues in part that as an inmate, he is unable to "manag[e] his health during the pandemic" (Doc. 43 at 10), the Court agrees that declining a COVID-19 vaccination casts doubt on any argument premised on his inability to provide self-care. *See, e.g.*, *United States v. Baeza-Vargas*, No. CR1000448010PHXJAT, 2021 WL1250349, at *3 (D. Ariz. Apr. 5, 2021) (noting that courts across "the country[] have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and

compelling circumstances") (gathering cases); *United States v. Greenlaw*, No. 1:18-CR-00098-JAW-06, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021) (finding that "[t]he risk-benefit analysis of inoculation is so overwhelming that the Court holds [inmate's] refusal to be vaccinated against his motion for compassionate release."). Mr. Chavez acknowledges this authority but asserts that he declined the vaccine because he was unable to ask questions about it and has been unable to obtain a medical appointment to discuss his medical conditions. (*See* Doc. 47 at 2.) The Court agrees that if Mr. Chavez has been unable to obtain care for his documented medical conditions, there is a clear problem with the FCI Beaumont Low medical facility. **The Court will direct Mr. Chavez's counsel to investigate the alleged failure to obtain medical care and provide an update to the undersigned no later than September 15, 2021.** However, given the efficacy of the available vaccines and Mr. Chavez's decision to decline this protection, together with the apparent mildness of his medical conditions, the Court finds that he has failed to establish extraordinary and compelling circumstances for a sentence reduction.

This finding is buttressed by evidence regarding FCI Beaumont Low's current handling of the coronavirus. While the facility has clearly had its struggles with COVID-19,[2] it appears that the facility has gotten the pandemic under control for the moment and currently has no positive inmate cases. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 17, 2021). Finally, there is record evidence to show that Mr. Chavez had a confirmed case of COVID-19 in November–December 2020. (*See* Doc. 44-F at 1.) The medical records reflect that he "did not have a severe illness requiring hospitalization." (*Id.*) There is no indication that Mr. Chavez had any lingering effects from his COVID-19 diagnosis, thereby "mitigating his concern that he would develop severe complications

---

[2] The BOP website reflects that 1036 inmates and 28 staff members have recovered from COVID-19 at FCI Beaumont Low. *See* COVID-19 Coronavirus, https://www.bop.gov/coronavirus/.

if infected with the virus." *See United States v. Hollins*, No. 15-20100-JAR, 2021 WL 103017, at *2 (D. Kan. Jan. 12, 2021).

Because the Court does not find extraordinary and compelling circumstances exist, it need not consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

The undersigned encourages Mr. Chavez to take advantage of all opportunities for drug counseling, educational programming, and work to improve his chances at a successful transition.

**THEREFORE,**

**IT IS ORDERED** that Mr. Chavez's Motion to Reduce Sentence (Doc. 37) and his counseled Supplement to Defendant's *Pro Se* Motion for Compassionate Release (Doc. 43) are **DENIED**;

**IT IS FURTHER ORDERED** that Mr. Chavez's counsel shall investigate Mr. Chavez's alleged failure to obtain medical care and provide an update no later than **September 15, 2021.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE